# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF MISSISSIPPI SOUTHERN DIVISION

| | |
|---|---|
| **NICAUD HOLDING, LLC,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| | ) |
| **vs.** | ) **CIVIL ACTION NUMBER:** |
| | ) **1:23cv240 LG-RPM** |
| | ) |
| | ) |
| **GCI CONSULTANTS, LLC,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

## GCI CONSULTANTS LLC'S AMENDED ANSWER TO COMPLAINT AND COUNTERCLAIM

Defendant GCI Consultants LLC ("GCI"), pursuant to Federal Rules of Civil Procedure, Rules 7, 12 and 13, submits this Answer to Plaintiff's Complaint and Counterclaim.

## ANSWER

## PARTIES

1. GCI admits the allegations in Paragraph No. 1 of Plaintiff's Complaint.

2. GCI admits the allegations in Paragraph No. 2 of Plaintiff's Complaint.

4547493_1

## JURISDICTION AND VENUE

3. The allegations in Paragraph No. 3 contain propositions of law. To the extent there are allegations against GCI in Paragraph No. 3 of Plaintiff's Complaint, GCI denies the allegations in Paragraph No. 3 of Plaintiff's Complaint.

4. The allegations in Paragraph No. 4 contain propositions of law. To the extent there are allegations against GCI in Paragraph No. 4 of Plaintiff's Complaint, GCI denies the allegations in Paragraph No. 4 of Plaintiff's Complaint.

5. The allegations in Paragraph No. 5 contain propositions of law. To the extent there are allegations against GCI in Paragraph No. 5 of Plaintiff's Complaint, GCI denies the allegations in Paragraph No. 5 of Plaintiff's Complaint.

## FACTS

6. GCI admits the allegations in Paragraph No. 6 of Plaintiff's Complaint.

7. GCI admits the Terms and Conditions attached as Exhibit 2 to Plaintiff's Complaint were incorporated into the contract entered into by GCI and Plaintiff.

8. GCI admits that it made a demand to Plaintiff for payment of the entire amount it was owed pursuant to the Contract. GCI also admits that under the terms of the Agreement, interest accrues on the unpaid balance. GCI denies the remaining allegations in Paragraph No. 8 of Plaintiff's Complaint.

9. GCI admits the allegations in Paragraph No. 9 of the Plaintiff's Complaint.

## DECLARATORY JUDGMENT

10. GCI denies Plaintiff is entitled to any relief requested in Paragraph No. 10 of Plaintiff's Complaint as GCI performed all of the work in accordance with the contract and is owed the entire amount as provided for in the Contract.

11. GCI denies Plaintiff is entitled to the relief requested in Paragraph No. 11 of Plaintiff's Complaint.

12. GCI denies Plaintiff is entitled to the relief requested in Paragraph No. 12 of Plaintiff's Complaint because GCI withdrew its demand for arbitration on September 12, 2023.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Defendant denies all allegations of the Complaint not explicitly admitted in this Answer and demands proof of those allegations according to the burden of proof required by law.

## SECOND AFFIRMATIVE DEFENSE

The Complaint, and each alleged cause of action therein, fails to set forth facts sufficient to state a claim upon which relief may be granted against Defendant

and further fails to entitle Plaintiff to the relief sought, or to any relief whatsoever against Defendants.

### THIRD AFFIRMATIVE DEFENSE

Defendant denies it breached any contract between GCI and Plaintiff.

### FOURTH AFFIRMATIVE DEFENSE

Defendant, its agents and employees breached no duty to Plaintiff.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's request for a declaratory judgment in regard to contract terms is moot because GCI withdrew its Demand for Arbitration.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's request for injunctive relief from GCI enforcing the arbitration provision is moot because GCI withdrew its Demand for Arbitration.

### RESERVATION OF RIGHTS

Defendant's Answer and Affirmative Defenses are based on information known to date. Defendants reserve the right to amend their Answer and Affirmative Defenses as additional facts are learned during discovery.

### COUNTERCLAIM

Defendant, GCI, pursuant to Rule 13, Federal Rules of Civil Procedure, hereby files this counterclaim against Plaintiff and in support, states the following:

4547493_1

## THE PARTIES

1. Nicaud Holdings, LLC is organized under the laws of the State of Mississippi, with its principal place of business in Mississippi. The corporate records for Nicaud Holding, LLC show its sole member is a citizen of Mississippi.

2. Defendant GCI is a limited liability company with its principal place of business in Florida. The members of GCI are all individuals who are citizens of the State of Florida.[1]

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 on the basis there is complete diversity of citizenship between the Parties and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

4. Venue is proper under 28 USC § 1441, because the Southern Division of the Southern District embraces the place where the removed action was pending.

## FACTS

5. In approximately January 2022, GCI and Plaintiff entered into a written and signed Contract (the "Contract"). (Attached as Exhibit 1).

6. Pursuant to the contract, GCI provided building envelope consulting services, including examining and inspecting windows and doors for various

---

[1] Attached as Exhibit "4" to this Amended Answer and Counterclaim is a document fully alleging the citizenship of each of GCI's owner-members. See I F G Port Holdings, L.L.C. v. Lake Charles Harbor & Terminal Dist., 2023 WL 6151640, at *4 (5th Cir. Sept. 21, 2023) (An amended complaint containing an "exhibit fully alleging the citizenship of each owner-member of the LLC" is sufficient to show that diversity exists between the parties).

4547493_1

properties owned or managed by Plaintiff; testing various windows and doors of such properties for water leakage; and preparing reports detailing GCI's findings and conclusions. This work and these services were provided by GCI to Plaintiff.

7. Upon completion of its scope of work as provided for in the Contract, GCI submitted invoices to Plaintiff and requested Payment. (Invoices attached as Exhibit 2).

8. The base fee amount owed GCI by Plaintiff is $113,076.00.

9. The Contract provides interest accrues at a rate of 1.5% per month on outstanding unpaid balances.

10. Plaintiff has refused to pay GCI the total amount owed pursuant to the Contract.

11. As of August 30, 2023, the total amount owed to GCI by Plaintiff is $123,252.84. (AR Statement attached as Exhibit 3)

12. The Contract also provides that in the event a claim or litigation is instituted as a result of Plaintiff's non-payment to GCI of any amount, Plaintiff shall pay to GCI all attorneys fees, expenses and costs incurred as a result, if GCI is successful in pursuing the claim.

13. GCI has incurred attorney's fees, expenses and costs in regard to pursuing its claim against Plaintiff for its non-payment.

## COUNT ONE – BREACH OF CONTRACT

14. GCI realleges Paragraphs 1 through 13 as though individually and fully set forth herein.

15. GCI and Plaintiff entered into a written, signed, and legally binding Contract.

16. GCI provided work and services pursuant to the Contract. Plaintiff accepted the work and services provided by GCI.

17. Pursuant to the Contract, the fee for such work and services was $113,076.00. The Contract also provided interest accrued on the outstanding balance owed. Interest has accrued on the outstanding balance.

18. The Contract provides that in the event of any claim or lawsuit arising from Plaintiff's non-payment to GCI, GCI shall be entitled to reimbursement from Plaintiff for all attorney's fees, costs and expenses incurred. GCI has incurred attorney's fees, costs and expenses related to Plaintiff's non-payment of the amount owed.

19. As of August 30, 2023, the amount owed to GCI pursuant to the Contract is $123,252.84. (Ex. 3)

20. Plaintiff has breached the Contract by not paying for the work and services provided by GCI. As a result of Plaintiff's breach of contract, Plaintiff is liable to GCI for the base amount of the Contract plus interest, which continues to

accrue and expenses, costs and attorney's fees associated with GCI's claim against Plaintiff.

WHEREFORE, GCI demands judgment for damages against Plaintiff for Breach of Contract in the amount of $113,076.00, together with interest on the outstanding balance which continues to accrue, and expenses, costs, and attorney's fees arising out of Plaintiff's non-payment under the terms of the contract.

### COUNT TWO – QUANTUM MERUIT

21. GCI realleges Paragraphs 1 through 20 as though individually and fully set forth herein.

22. The services rendered by GCI to Plaintiff were valuable to Plaintiff.

23. Plaintiff accepted the services provided by GCI and used those services to its benefit.

24. Under the circumstances of delivering the services to Plaintiff, GCI expected to be paid by Plaintiff for those services and Plaintiff expected to pay GCI for those services.

25. Plaintiff is in possession of the funds that is the money GCI is owed for the performance of the services and in good conscience, Plaintiff should not retain those funds to the detriment of GCI.

WHEREFORE, GCI demands judgment for damages against Plaintiff for

Quantum Meruit in the amount of $113,076.00, together with interest on the outstanding balance which continues to accrue, and expenses, costs, and attorney's fees.

Dated: February 2, 2024.

                                        Respectfully submitted,

                                        *s/PatrickPatronas*
                                        Patrick Patronas
                                        *Attorney for GCI Consultants, LLC*

**OF COUNSEL:**
**LLOYD, GRAY, WHITEHEAD & MONROE, P.C.**
880 Montclair Road, Suite 100
Birmingham, Alabama 35213
Telephone: (205) 967-8822
Facsimile: (205) 967-2380
ppatronas@lgwmlaw.com

4547493_1

## CERTIFICATE OF SERVICE

I hereby certify that on this the 2nd day of February, 2024, a true and correct copy of the foregoing has been furnished either by filing electronically with the Clerk of Court, by electronic mail, or United States Mail, properly addressed and first-class postage prepaid.

**Attorney for Plaintiff**

Adam B. Harris
John Patrick Mcmackin
PHELPS DUNBAR LLP
2602 13th Street
Suite 300
Gulfport, MS 39501
Telephone: (228) 679-1130
Facsímile: (228) 679-1131
adam.harris@phelps.com
john.mcmackin@phelps.com

                                            s/ *Patrick Patronas*
                                            OF COUNSEL