IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**NICAUD HOLDING, LLC**                                                     **PLAINTIFF**

v.                                                      CAUSE NO. 1:23-cv-240-LG-RPM

**GCI CONSULTANTS, LLC**                         **DEFENDANT/COUNTER-**
                                                                    **PLAINTIFF**

v.

**NICAUD HOLDING, LLC**                                     **COUNTER-DEFENDANT**

MEMORANDUM OPINON AND ORDER
DENYING PLAINTIFFS' MOTION TO REMAND

**BEFORE THE COURT** is the [7] Motion to Remand filed by Plaintiff, Nicaud Holding, LLC.  The Motion to Remand is fully briefed.  After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that Plaintiff's Motion to Remand should be denied.

BACKGROUND

Plaintiff, Nicaud Holding, LLC, seeks a declaratory judgment of its rights and obligations under an Agreement with Defendant GCI Consultants, LLC.  (*See* Compl., ECF No. 1-1).  The contract, executed in January 2022, is attached to the Complaint, and provides that Defendant would render certain "Consulting Services" in exchange for fees.  (*See* Ex. A, ECF No. 1-1).  Plaintiff also attached another exhibit entitled "Terms and Conditions" which, in Plaintiff's words, "purported to be incorporated into the Agreement."  (Compl. ¶ 7, ECF No. 1-1).  These Terms and Conditions provide a forum selection clause, which reads as follows:

> GOVERNING LAW: In any lawsuit arising out of and/or related to and/or in connection with in any way this Agreement, jurisdiction and venue shall lie solely and exclusively in the state and/or federal courts of Mississippi.  This Agreement shall be interpreted and governed in accordance with the law of Mississippi.

(*Id.* § 5.7).  The contract also provides for arbitration as follows:

> ARBITRATION AND MEDIATION: The parties agree to arbitrate any lawsuit, claim, and/or dispute arising out of and/or related to and/or in connection with in any way this Agreement, including tort, contract, equitable, and/or statutory violations, pursuant to the Rules and Procedures of the American Arbitration Association ("AAA"), Construction Industry.

(*Id.* § 5.10).  The Agreement contemplates prior attempts at mediation before proceeding to arbitration.  (*Id.*).

The Complaint alleges that Defendant "did not complete the specified services under the Agreement, but on May 15, 2023, it contacted Nicaud and demanded that Nicaud engage in mediation with it for payment of the entire prearranged fees."  (Compl. ¶ 8, ECF No. 1-1).  By August 2023, mediation had apparently failed, resulting in Defendant demanding arbitration.

The attorneys began an email exchange which serves as the central issue of this [7] Motion to Remand.[1]  The correspondence was initiated by an American Arbitration Association (AAA) representative who references Defendant's arbitration demand and asks the parties if they can agree to one arbitrator.  (*See* Emails, ECF No. 12-2).  In response, Defendant's counsel agreed to a single arbitrator, but Plaintiff's counsel refused arbitration entirely, citing the forum

---

[1] While Plaintiff attaches some of this exchange to its Motion to Remand, more context is provided via the exhibits attached to Defendant's Response.

selection clause. (*Id.*). Defense counsel responded with citation to the arbitration clause and argued its position that the forum selection clause was only applicable in the event that arbitration is waived.[2] (*Id.*).

On August 28, 2023, Plaintiff filed the instant lawsuit in the County Court of Harrison County, Mississippi and notified opposing counsel via email. (*Id.*). On September 1, 2023, defense counsel offered to accept service by email in return for 30 days to respond to the Complaint; Plaintiff's counsel initially refused. (*Id.*). On September 8, Defendant's counsel wrote:

> We will agree to Mississippi state court. Do you want me to accept service by email; if yes, can we agree that GCI's response will be due 30 days from acceptance by email?

(*Id.*). On September 12, Plaintiff's counsel counteroffered:

> Conditioned upon your stipulation on behalf of GCI that GCI submits to Mississippi state courts, we are fine with you accepting service on behalf of GCI. Please confirm in a responding e-mail, and we'll consider service effective today.

(*Id.*). Defendant's counsel replied, "Confirmed. Can we agree that GCI has 30 days to respond?", and Plaintiff agreed. (*Id.*).

On September 21, 2023, Defendant removed the case to this Court, citing diversity jurisdiction. (*See* Not. Removal ¶ 5, ECF No. 1). On September 29, Defendant [5] answered and counterclaimed for breach of contract and quantum meruit, seeking the outstanding balance on the Agreement as well as interest, costs,

---

[2] It should be noted that the applicability of arbitration is not raised in the briefing. The sole issue before the Court is whether the action should be remanded to state court, not submitted to arbitration.

and attorney's fees. (*See* Ans., ECF No. 5). On October 10, Plaintiff filed its [7] Motion to Remand, principally arguing that the foregoing email exchange was, in effect, a contract waiving Defendant's removal rights and establishing an exclusive forum in Mississippi state court in return for an extension of time to respond. (*See generally* Br. Mot. Remand, ECF No. 8). Defendant [12] responded with a variety of arguments which have been attacked by Plaintiff in its [15] Reply. The Motion is now fully briefed and ready for a decision.

## DISCUSSION

Two distinct issues are presented by this Motion to Remand: (1) the effect of the forum-selection clause contained in the Terms and Conditions and (2) the effect of the email exchange between counsel for the parties.[3] The Court will address each issue in turn.

## I.   Forum Selection Clause

First, the Court attends to the forum selection clause contained in the parties' Agreement. Defendant invokes this clause as the parties' agreement as to jurisdiction and venue. In response, Plaintiff does not appear to seriously challenge

---

[3] The Motion to Remand also challenged Defendant's allegations of diversity in its Notice of Removal. (*See* Br. Accompanying Mot. Remand, at 4-5, ECF No. 8). Specifically, Plaintiff argued that Defendant insufficiently identified the citizenship of its LLC members for purposes of assessing subject-matter jurisdiction. (*Id.*). Defendant responded with two [13] [14] Motions seeking to correct its pleadings. In its [16] Reply brief, Plaintiff "concede[d] that the facts GCI has proffered, if true and complete, would establish diversity." (Pl.'s Reb. Br. Supp. Mot. Remand, at 8, ECF No. 16). As the Magistrate Judge permitted Defendant to amend its jurisdictional allegations (*see* Order Granting Mots. Amend, ECF No. 22), and as Defendant has now filed amended pleadings, this issue is moot.

its construction or enforceability;[4] rather, it relies principally on its argument that the email agreement, discussed *infra* § II, has newly bound Defendant to state court. Still, as the clause has been invoked, the Court will determine its legal effect. The relevant clause provides:

> In any lawsuit arising out of and/or related to and/or in connection with in any way this Agreement, jurisdiction and venue shall lie solely and exclusively in the state and/or federal courts of Mississippi. This Agreement shall be interpreted and governed in accordance with the law of Mississippi.

(*See* Ex. B § 5.7, ECF No. 1-1). Courts in the Fifth Circuit employ the following analysis with respect to forum selection clauses:

> The Supreme Court has held that a valid forum-selection clause is entitled to "controlling weight in all but the most exceptional cases." *Atlantic Marine Constr. Company v. United States District Court for the Western District of Texas*, 571 U.S. 49, 63 (2013). Under *Atlantic Marine*, a court must determine whether (i) "the forum-selection clause is mandatory or permissive," (ii) "the forum-selection clause is enforceable," and (iii) "'*Atlantic Marine*'s balancing test' of public interest factors" supports dismissal.

*PCL Civ. Constr., Inc. v. Arch Ins. Co.*, 979 F.3d 1070, 1073-74 (5th Cir. 2020) (quoting *Weber v. PACT XPP Techs., AG*, 811 F.3d 758, 766 (5th Cir. 2016)).

---

[4] The Complaint displays some skepticism as to the contract's incorporation of the "Terms and Conditions" and thus the forum selection clause. (*See* Compl. ¶ 7, ECF No. 1-1) (alleging that the Terms and Conditions "*purported* to be incorporated into the Agreement") (emphasis added). However, no party raises this as an issue on the Motion briefing. The Court notes that the contract, at Exhibit A to the Complaint, bears pagination for nine (9) total pages but only exhausts three (3) of these pages. (*See* Ex. A, ECF No. 1-1). The "Terms and Conditions" document continues its pagination and exhausts the remaining 9 pages. (*See* Ex. B, ECF No. 1-1). The Court will treat the "Terms and Conditions" as part of the contract, especially as Plaintiff offers no grounds to disregard it.

As instructed, the Court first considers "whether the forum selection clause is mandatory or permissive." *PCL Civ. Constr., Inc.*, 979 F.3d at 1073. On this issue the Fifth Circuit explains that "[a] mandatory FSC affirmatively requires that litigation arising from the contract be carried out in a given forum." *Weber*, 811 F.3d at 769. Here, the relevant language is clearly mandatory, as it requires litigation "solely and exclusively in the state and/or federal courts of Mississippi," which categorically excludes all other potential venues. (*See* Ex. B § 5.7, ECF No. 1-1); *Ness Healthcare NFP v. Starr Surplus Lines Ins. Co.*, Civ. No. 23-3021, 2023 WL 6976892, at *2 (E.D. La. Oct. 23, 2023) ("Because the clause contains the language 'solely and exclusively,' indicating litigation *must* occur in New York, the Court finds the forum selection clause is mandatory."); *MAPP, LLC v. Floor & Décor Outlets of Am.*, Civ. No. 23-45-JWD-EWD, 2024 WL 94227, at *8 (M.D. La. Feb. 21, 2024) (finding mandatory a forum selection clause which required that "litigation shall be conducted in the state or federal courts for the location of the Project" by implication of the word "shall").

The next inquiry is "whether the forum selection clause is enforceable." *PCL Civ. Constr.*, 979 F.3d at 1074 (citation omitted). "Federal law applies to determine the enforceability of forum selection clauses in diversity cases." *Id.* (citation omitted). "Under federal law, the party resisting enforcement of a forum selection clause bears a 'heavy burden of proof,' . . . and this court 'applies a strong presumption in favor of the enforcement of mandatory forum selection clauses.'" *Id.* (internal citations and interpolations omitted). Here, the parties do not discuss the

forum selection clause in any detail, and Plaintiff does not argue that the Agreement's forum selection clause is unenforceable. The Court therefore finds that the clause is enforceable, in line with the strong presumption favoring the enforcement of mandatory forum selection clauses.

Finally, a "mandatory, enforceable forum selection clause" must still pass "'*Atlantic Marine*'s balancing test' of public-interest factors." *PCL Civ. Constr.*, 979 F.3d at 1074. The forum-selection clause should generally be enforced unless there are extraordinary circumstances unrelated to the convenience of the parties. *Atl. Marine Constr. Co. v. U. S. Dist. Ct. for the W. Dist. of Tex.*, 571 U.S. 49, 52 (2013). Further, "courts should evaluate a forum-selection clause pointing to a nonfederal forum in the same way that they evaluate a forum-selection clause pointing to a federal forum." *Id.* at 61. It is the plaintiff's burden to demonstrate that the forum agreed upon by the parties should be disregarded. *Id.* at 63-64. "'Public-interest factors may include 'the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; and the interest in having the trial of a diversity case in a forum that is at home with the law.'" *Id.* at 62 n. 6 (quoting *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955)). The parties do not discuss these factors, and the Court otherwise finds that they do not surmount the parties' preselected forum. Hence, the forum selection clause contained in the parties' Agreement governs this dispute—at least to the extent it has not been modified by counsels' later email exchange, *see infra* § II—and it grants venue to the Court in which this case is now pending.

## II.   Counsels' Email Exchange

The second issue concerns the effect of the email exchange between counsel for the parties.  The Court discerns two categories of arguments raised herein: (1) whether a contract was formed, and (2) whether such an alleged contract constituted a waiver of removal rights.  However, the Court need not touch on the first category of arguments,[5] because, presupposing *arguendo* the existence of a contract, it fails to constitute a clear waiver of removal under controlling Fifth Circuit case law.

"'For a contractual clause to prevent a party from exercising its right to removal, the clause must give a 'clear and unequivocal' waiver of that right.'" *Ensco Int'l, Inc. v. Certain Underwriters at Lloyd's*, 579 F.3d 42, 443 (5th Cir. 2009) (quoting *City of New Orleans v. Mun. Admin. Servs., Inc.*, 376 F.3d 501, 504 (5th Cir. 2004)).  "Ambiguous language cannot constitute a 'clear and unequivocal' waiver." *Grand View PV Solar Two, LLC v. Helix Elec., Inc.*, 847 F.3d 255, 258 (5th

---

[5] Specifically, Defendant claims that former defense counsel did not have actual or apparent authority to waive removal rights.  Further, Defendant contends that the contract was not supported by consideration, because the agreement was made in exchange for 30 days to respond to the Complaint, and Defendant's former Florida counsel was apparently not aware that defendants in Mississippi are already afforded 30 days by statute to respond to the Complaint.  (*See* Def.'s Br. Supp. Resp. Mot. Remand, at 7-9, ECF No. 12); *see also* Miss. R. Civ. P. 12(a).  Plaintiff makes counterarguments.  (*See* Pl.'s Reb. Br. Supp. Mot. Remand, at 4-8, ECF No. 16).  The Court refrains from reaching these issues because, assuming *arguendo* the contract's validity, Defendant still did not thereby waive its removal rights.  *See J.D. Fields & Co., Inc. v. Shoring Engineers*, Civ. No. H-18-4186, 2019 WL 251258, at *1 (S.D. Tex. Jan. 17, 2019) ("As a threshold matter, the parties disagree about whether the forum-selection clause became part of a contract between the parties. . . . However, assuming *arguendo* that the forum-selection clause is part of a valid contract, the clause still does not prohibit removal.").

Cir. 2017) (citing *City of New Orleans*, 376 F.3d at 505-06). "Nevertheless, 'a waiver of . . . removal rights does not have to include explicit words, such as 'waiver of right to removal.''" *Dynamic CRM Recruiting Sols., LLC v. UMA Educ., Inc.*, 31 F.4th 914, 917 (5th Cir. 2022) (quoting *Waters v. Browning-Ferris Indus., Inc.*, 252 F.3d 796, 797 (5th Cir. 2001)). "There are three ways in which a party may clearly and unequivocally waive its removal rights: '[1] by explicitly stating that it is doing so, [2] by allowing the other party the right to choose venue, or [3] by establishing an exclusive venue within the contract.'" *Ensco Int'l, Inc.*, 579 F.3d at 443-44 (quoting *New Orleans*, 376 F.3d at 504).

Here, none of these potential bases for waiver apply. First, in the relevant email exchange, Defendant did not "explicitly stat[e]" that it was waiving its right to remove, nor does it mention removal or grant Plaintiff the right to choose venue. *See Ensco Int'l, Inc.*, 579 F.3d at 443-44. Under the facts of this case—in which Defendant had already demanded arbitration at the time of the agreement—it is, at best, ambiguous whether Defendant, by "agree[ing] to Mississippi state court," thereby clearly intended to surrender anything other than its pending arbitration proceeding. (*See* Emails, ECF No. 12-2). Although "magic words" are not required to effectuate a waiver of removal rights, the defendant must still "explicitly state that defendants are waiving their removal rights" to satisfy the first method of waiver. *Sw. Elec. Power Co. v. Certain Underwriters at Lloyd's of London Subscribing to Policy No. BL0700847*, Civ. No. 12-2065, 2012 WL 5866599, at *3 (W.D. La. Nov. 19, 2012) (holding that defense counsel failed to effectuate a clear

and unequivocal waiver of removal rights in an ambiguous email); *see also Bennett v. Bistro of Coconut Grove, LLC*, No. 10-22035-CIV-MOORE/SIMONTON, 2010 WL 11601830, at *2 (S.D. Fla. 2010) (holding that defense counsel's email "agree[ing] to move the litigation forward in state court and file an answer is not clear and convincing evidence that Bistro agreed to waive its right to removal"). Hence, the Court cannot find, on these grounds, that Defendant clearly and unequivocally waived its right to removal under the first two methods.

As to the third method, Defendant's "agree[ment] to Mississippi state courts" (Emails, ECF No. 12-2) does not "clearly and unequivocally" exclude all other potential fora. As the Fifth Circuit has instructed: "[a] party's consent to jurisdiction in one forum does not necessarily waive its right to have an action heard in another. For a forum selection clause to be exclusive, it must go beyond establishing that a particular forum will have jurisdiction and must clearly demonstrate the parties' intent to make that jurisdiction *exclusive*." *New Orleans*, 376 F.3d at 504 (emphasis added). "Consent to proceed in a particular forum is not necessarily a waiver of a party's right to remove; a clear expression that the jurisdiction sought is the *exclusive* venue is required." *Brister v. Romanowski*, Civ. No. 14-2921, 2015 WL 2090236, at *1 (E.D. La. May 4, 2015) (citation omitted) (emphasis in original); *see also Singley Constr. Co., Inc. v. Orso*, No. 2:15CV164-KS-MTP, 2016 WL 750662, at *1 (S.D. Miss. Feb. 24, 2016) (finding that a forum selection clause which provided that the defendant "agrees to the jurisdiction of Marion County, Mississippi, Chancery Court for the venue of an dispute" was

"unquestionably permissive, rather than mandatory," and in so doing "Defendants did not explicitly state that they were waiving their right to remove") (emphasis added).  Here, Defendant's alleged agreement consents to the jurisdiction of the state court, but it does not exclude removal to a federal forum.

Finally, Plaintiff's reply email, which requested a "stipulation . . . that GCI submits to Mississippi state courts," also does not sufficiently exclude other venues to constitute a "clear and unequivocal" waiver of removal.  *See Keaty v. Freeport Indon., Inc.*, 503 F.2d 955, 957 (holding that a clause stating "'the parties submit to the jurisdiction of the courts of New York'" was a permissive forum selection clause and therefore insufficient to waive removal); *Bentley v. Mut. Benefits Corp.*, 237 F. Supp. 2d 699, 702 (S.D. Miss. 2002) (holding as permissive a clause whereby "the parties stipulate to venue in Broward County" because "[n]othing in the clause indicates that Broward County courts have exclusive jurisdiction"); *Nayani v. Horseshoe Ent.*, No. 3:06CV01540-M, 2007 WL 1062561, at *7 (N.D. Tex. Apr. 10, 2007) (holding that a clause whereby party "agreed to submit to the jurisdiction of Louisiana courts" does "not . . . make that jurisdiction exclusive"); *Ellington Credit Fund, Ltd. v. Select Portfolio Serv., Inc.*, No. A-07-CA-421 LY, 2007 WL 3256210, at *3 (W.D. Tex. Nov. 2, 2007) (holding that a clause stating that "[t]he parties hereto hereby irrevocably submit to the jurisdiction of" New York courts was "permissive, not mandatory").  As such, Defendant's confirmation of Plaintiff's alternate wording still does not clearly and unequivocally waive its right to removal.

ase 1:23-cv-00240-LG-RPM   Document 26   Filed 03/28/24   Page 12 of 12

Therefore, because the parties in this latter agreement did not establish exclusive venue in the state courts of Mississippi, Defendant did not "clearly and unequivocally" waive its removal rights. Rather, in the Court's judgment, the forum selection clause contained in the parties' Agreement remains in effect and requires jurisdiction and venue "solely and exclusively in the state and/or federal courts of Mississippi" (Ex. B § 5.7, ECF No. 1-1), where it is now pending. Plaintiff's [7] Motion to Remand must therefore be denied.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [7] Motion to Remand filed by Plaintiff, Nicaud Holding, LLC, is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 28th day of March, 2024.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE

