IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**NICAUD HOLDING, LLC**                                                                                    **PLAINTIFF**

v.                                                                                      CAUSE NO. 1:23-cv-240-LG-RPM

**GCI CONSULTANTS, LLC**                                                           **DEFENDANT/COUNTER-**
                                                                                                                       **PLAINTIFF**

v.

**NICAUD HOLDING, LLC**                                                                  **COUNTER-DEFENDANT**

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION FOR LEAVE TO APPEAL

Before the Court is the Motion of the Plaintiff Nicaud Holding, LLC, for Leave to Appeal to file an interlocutory appeal. On March 28, 2024, the Court filed its Memorandum Opinion and Order holding that Defendant did not "clearly and unequivocally" waive its removal rights. *Nicaud Holding, LLC v. GCI Consultants, LLC*, No. 1:23-CV-240-LG-RPM, 2024 WL 1335082, at *6 (S.D. Miss. Mar. 28, 2024).[1] In this Motion, the Plaintiff "requests that this Court certify its ruling for interlocutory appeal on the following question: Whether GCI's stipulation that it submitted to the jurisdiction of Mississippi state courts was legally sufficient to

---

[1] Plaintiff filed its [7] Motion to Remand, principally arguing that a series of email exchanges wherein counsel for the defendant sought addition time to respond, were, in effect a waiver of Defendant's removal in the rights and a modification of the contract forum selection clause language establishing venue in both state and federal courts in Mississippi. (*See generally* Br. Mot. Remand, ECF No. 8); 1:23-CV-240-LG-RPM, 2024 WL 1335082, at *2 (S.D. Miss. Mar. 28, 2024).

waive its removal rights." (*See* Br. Supp. Mot., at 1, ECF No. 29).  For the reasons stated below, the Motion is denied.

## DISCUSSION

Interlocutory appeals are a "narrow exception" to the final judgment rule, *see in re Rolls Royce Corp.*, 775 F.3d 671, 676 (5th Cir. 2014), and are "available only in limited circumstances." *In re Lloyd's Register N. Am., Inc.*, 780 F.3d 283, 288 (5th Cir. 2015).  28 U.S.C. § 1292(b) is the statutory mechanism whereby the Court may grant leave to file an interlocutory appeal.  A district court "may certify an interlocutory order for immediate appeal when (1) the order involves a controlling question of law; (2) there exists a substantial ground for difference of opinion regarding the controlling question, ***and*** (3) immediate appeal may materially advance the ultimate termination of the litigation.'" *Smith v. Omega Protein, Inc.*, No. 1:19CV13-LG-RHW, 2020 WL 13922850, at *1 (S.D. Miss. May 11, 2020).

**Controlling Question of Law**

Plaintiff argues that the Court's Memorandum Opinion and Order adjudicated a controlling question of law, viz. whether GCI waived its removal rights and thereby deprived the Court of subject-matter jurisdiction.  "An issue of law is controlling when it has the potential to impact the course of the litigation." *Dorsey v. Navient Sols., Inc.*, Civ. No. 15-2898, 2015 WL 6442572, at *2 (E.D. La. Oct. 23, 2015).  "If reversal of an order terminates the action, it is clearly a controlling question of law." *Napoleon v. Shows, Cali & Walsh, LLP*, Civ. No. 20-1775, 2022 WL 721560, at *4 (E.D. La. Mar. 10, 2022) (citation omitted).  Still,

however, "'the question of law must refer to a pure question of law that the reviewing court could decide quickly and cleanly without having to study the record.'"  *Ridgeway v. Stryker Corp.*, Civ. No. 17-9507-W, 2017 WL 5503747, at *3 (E.D. La. Nov. 16, 2017) (citation omitted).  "'Fact-review questions' are 'inappropriate for § 1292(b) review.'"  *Maverick Field Servs., LLC v. Emaxx Ins. Servs., LLC*, Civ. No. H-23-2513, 2023 WL 6162757, at *1 (S.D. Tex. Sep. 21, 2023) (citation omitted).  Thus, an interlocutory appeal is not available where a party "takes issue with this Court's application of the law to the facts of this case, not the law itself."  *2715 Marietta, LLC v. Axis Surplus Ins. Co.*, Civ. No. 22-3292, 2024 WL 493300, at *5 (E.D. La. Feb. 8, 2024).

Here, it is not clear that the Court's [26] Memorandum Opinion and Order involved a controlling "issue of law."  The Order certainly addresses an issue that impacts the course of litigation, and appellate reversal of the Order would result in remand to state court.  However, the Order does not determine a novel or difficult legal issue with great precedential value; rather, it involved the application of settled law to a particular set of facts, and thereby represents an interpretation of a particular forum-selection clause and the effects, if any, by the email exchanges.  This interpretation is material only to the particular facts before the Court.

**Substantial Ground for Difference of Opinion**

Plaintiff argues that there exists a substantial ground for difference of opinion as to whether GCI waived its removal rights.  Plaintiff attempts to distinguish the cases cited in § II of the Memorandum Opinion and Order, cases

cited by the Court to compare GCI's alleged waiver of removal rights to other phraseology that the Fifth Circuit and district courts have found insufficient to waive removal. "A substantial ground for difference of opinion exists: (1) when a lower court rules in a way that appears to conflict with the rulings of all appellate courts that have decided the issue, (2) when the circuits are in dispute and the Court of Appeals of the relevant circuit has not decided the issue, (3) when complicated issues of foreign law arise, or (4) when the case presents difficult questions of first impression." *Dorsey*, 2015 WL 6442572, at *2.

"The threshold for establishing the second factor for certifying an order for interlocutory appeal 'is a high one.'" *Napoleon*, 2022 WL 721560, at *5 (citation omitted). Moreover, "[t]he threshold for establishing a substantial ground for difference of opinion is higher than mere disagreement or even the existence of some contrary authority." *Coates v. Brazoria Cty., Tex.*, 919 F. Supp. 2d 863, 868 (S.D. Tex. 2013). "Rather, [a district court] is most likely to allow the appeal when there is an unsettled state of law or judicial opinion." *U.S. ex rel. Branch Consultants, LLC v. Allstate Ins. Co.*, 668 F. Supp. 2d 780, 813-14 (E.D. La. 2009) (citation omitted). Thus, substantial ground for difference of opinion does *not* exist where the arguments in favor of remand are legally incorrect,[2] where the issue

---

[2] *See, e.g., Reddick v. Medtronic, Inc.*, Civ. No. 22-2715, 2022 WL 16549429, at *2 (E.D. La. Oct. 31, 2022); *In re Norplant Contraceptive Prods. Liab. Litig.*, 907 F. Supp. 244, 246 (E.D. Tex. 1995); *Maverick*, 2023 WL 6162757, at *2.

concerned merely the application of settled law to the facts,[3] or where the aggrieved party merely disagreed with the Court's ruling.[4]

In *Sunflower Redevelopment, LLC v. Ill. Union Ins. Co.*, No. 4:15CV577-DGK, 2016 WL 1228659 (W.D. Mo. Mar. 28, 2016), the Western District of Missouri was faced with a motion to certify for interlocutory appeal its order denying remand on the basis that the defendant insurer had waived its right to remove through language in the subject policy. The court had previously held that the insurer did not "clearly and unequivocally" waive its removal rights through the relevant language, because though it "obligated [the defendant] to submit to the jurisdiction of a Missouri state court, it did not waive [its] right to remove from that court." *Id.* at *1. The Missouri federal court denied the plaintiff's subsequent attempt to have the order certified for interlocutory appeal; there was no "substantial difference of opinion" where there were no cases which directly disagreed with the court's holding, and "the Eighth Circuit ha[d] not fully explored what constitutes 'clear and unequivocal' waiver of the right to remove.'" *Id.*

In *Jenhanco, Inc. v. Hertz Corp.*, No. 2:15CV4191-ODW, 2016 WL 335842 (C.D. Cal. Jan. 26, 2016), the Central District of California considered a motion to certify for interlocutory appeal another order denying remand, this time because the

---

[3] *See, e.g., Baker v. Amazon Logistics, Inc.*, No. 23-3991, 2023 WL 7683823, at *6 (E.D. La. Nov. 15, 2023); *Doe #2 v. Marriott Int'l, Inc.*, No. 3:22CV468-KHJ-MTP, 2023 WL 138047, at *2 (S.D. Miss. Jan. 9, 2023).
[4] *See, e.g., Sinjel, LLC v. Ohio Cas. Ins. Co.*, No. 3:22CV419-TSL-MTP, 2022 WL 22308804, at *2 (S.D. Miss. Nov. 21, 2022).

court found that the phraseology of a forum selection clause was interpreted to include federal district courts. The court denied certification, stating that "there is no controlling issue of law subject to serious debate because the Court has determined that the 'appropriate district court' cannot be construed to limit venue to state courts." *Id.* at *3.

Similarly, here, Plaintiff has simply shown its disagreement with the Court's reading of the relevant case law and application of that law to the facts, the contract and email exchanges presented. While there may exist *some* room to disagree, there clearly is not "substantial" ground in the form of contrary district or appellate rulings on a similar set of facts. As noted above, the Court's ruling simply applied settled law to the particular factual circumstances before the Court.

**Materially Advance the Ultimate Termination of the Litigation**

Plaintiff argues that an appellate determination of subject-matter jurisdiction would advance the litigation due to the converse possibility that the Fifth Circuit could on appeal remand the case to state court after fully litigating these claims to their conclusion.[5] Of course, that argument could be raised in any case where the jurisdiction of the district court is challenged and a motion to remand has been denied. But it fails to consider that the Court makes every effort

---

[5] One court has found that an interlocutory appeal does not advance the termination of the litigation where a finding that subject-matter jurisdiction does not exist "would simply shift [the case] to another forum." *In re BP P.L.C. Sec. Litig.*, MDL No. 10MD2185, 2013 WL 12156398, at *5 (S.D. Tex. Jan. 4, 2013).

to get it right in the first instance and that unnecessary interlocutory appeals may only increase delay and expense.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [28] Motion For Leave to Appeal by Plaintiff, Nicaud Holding, LLC, is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 17th day of May, 2024.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE